UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WILLIAM ARSSINOUS ADEH, | ) |
| Petitioner, | ) ) ) |
| v. | ) No. 06 C 2630 |
| MICHAEL CHERTOFF, as Secretary of the U.S. Department of Homeland Security; and CONDOLEEZA RICE, as Secretary of State of the United States | ) ) ) ) ) |
| Defendants. | ) ) ) |

## MEMORANDUM OPINION AND ORDER

MARVIN E. ASPEN, District Judge:

William Arssinous Adeh ("Adeh" or "Petitioner") petitioned this Court for a writ of mandamus compelling the Defendants, Michael Chertoff, Secretary of Homeland Security, and Condoleeza Rice, Secretary of State ("Defendants"), to complete the adjudication of his wife's immigrant visa application. (Pet. ¶ 1.) After Adeh filed this action, the application was denied, and Defendants subsequently moved to dismiss for lack of subject matter jurisdiction under the doctrine of consular non-reviewability and for failure to exhaust administrative remedies. For the reasons set forth below, we deny Adeh's petition for mandamus relief.

**BACKGROUND**

Adeh is a United States citizen. (Pet. ¶ 3.) He married his wife, Shima Zaeim Zadeh ("Zadeh"), a native and citizen of Iran, in Istanbul, Turkey in December, 2002. (*Id.* at ¶ 3.) In January, 2003, Adeh filed a Form I-130 Petition for Alien Relative with the Department of

1

Homeland Security ("DHS"), requesting that Zadeh be classified as an immigrant under the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1151(b). (*Id.* at ¶ 5.) Approximately one month later, Adeh filed a Form I-129F with the DHS, requesting that Zadeh be classified under the INA as a nonimmigrant spouse of a United States citizen awaiting approval of an immigrant visa petition. (*Id.* at ¶ 6.) In April 2003, the DHS approved the immigrant visa application and forwarded it to the American Consulate General in Ankara, Turkey for final processing. (*Id.* at ¶ 7.) In December, 2003, Zadeh appeared for an interview at the American Embassy in Ankara, but the consular officer refused to issue a visa because of a pending security check. (*Id.* at ¶ 8.) Zadeh made "repeated inquiries" regarding the pending security check, and was told each time that the security check was still pending. (*Id.* at ¶ 9.)

Approximately two years later, in September, 2005, Zadeh appeared for another interview at the Embassy in Ankara, but the consular officer again refused to grant a visa due to the pending security check. (*Id.* at ¶ 11.) Following the second interview, Adeh made "numerous oral and written requests" regarding the final adjudication of the petition, to no effect. (*Id.* at ¶¶ 12, 15.) On May 11, 2006, he petitioned this Court for a writ of mandamus compelling the Defendants to complete the adjudication of Zadeh's immigrant visa application. However, on June 27, 2006 – less than two months after Adeh brought this action – the consular officer declined to issue Zadeh a visa "due to lack of evidence that [Adeh and Zadeh] maintained a genuine marital relationship" under INA Section 212(a)(5)(A), and returned the I-130 petition to the DHS. (Pet. Resp. Ex. G, at pp. 1-2.)[1] Shortly thereafter, Defendants moved to dismiss for lack of subject matter jurisdiction under

---

[1] In response to Defendants' motion, Petitioner's counsel filed a document styled "Plaintiff's Motion to Dismiss Defendants' Motion to Strike and Dismiss Plaintiff's Complaint." (*See* Dkt. 12.) However, we cite this filing as a response memorandum in opposition to Defendants' motion. To the extent that it is a separate motion, we deny it.

the doctrine of consular non-reviewability and for failure to exhaust administrative remedies. (Def. Mot. to Dismiss p.1.) In response, Petitioner contends that he is not challenging a decision within the consular officer's discretion, but rather "the authority of the consul to take or fail to take an action." (Pet. Resp. p.1.)

## DISCUSSION

Petitioner seeks a writ of mandamus ordering the adjudication of Zadeh's visa application. (Pet. at 1.) Mandamus is an extraordinary remedy and is available to compel a federal official to perform a duty only if: 1) the claim is clear and certain; 2) the official's duty is nondiscretionary, ministerial, and so plainly prescribed as to be free from doubt; and 3) no other adequate remedy is available. *Raduga USA Corp. v. U.S. Dept. of State*, 440 F. Supp. 2d 1140, 1148 (S.D. Cal. 2005) (citing *Patel v. Reno*, 134 F.3d 929, 931 (9th Cir. 1997)). Defendants contend that the consular has already adjudicated Zadeh's visa application, and that the doctrine of consular non-reviewability bars us from reviewing that decision. Under the doctrine of consular non-reviewability, "it is generally true that courts do not review judgments regarding alien admissibility made by executive officers outside the United States." *Ahmed v. Department of Homeland Security*, 328 F.3d 383, 388 (7th Cir. 2003) (citing *Saavedra Bruno v. Albright*, 197 F.3d 1153, 1159-60 (D.C. Cir. 1999); *Doan v. INS*, 160 F.3d 508, 509 (8th Cir.1999); *Centeno v. Shultz*, 817 F.2d 1212, 1213-14 (5th Cir. 1987) (per curiam); *Ventura-Escamilla v. INS*, 647 F.2d 28, 30 (9th Cir.1981); *Burrafato v. U.S. Dep't of State*, 523 F.2d 554, 556-57 (2d Cir.1975)).

Petitioner concedes this point, but argues that there has been no "discretionary decision" here, because the consular officer's adjudication was improper. (Pet. Resp. at 3.) He looks to *Raduga USA Corp. v. U.S. Dept. of State*, 440 F. Supp. 2d 1140 (S.D. Cal. 2005) and *Patel v. Reno*, 134 F.3d 929 (9th Cir. 1997) for support, but those cases are inapposite. Specifically, *Patel* and

3

*Raduga* stand for the proposition that jurisdiction exists "when the suit challenges the authority of the consular officer to take or fail to take an action as opposed to a decision taken within the consul's discretion." *Raduga*, 440 F. Supp. 2d at 1146 (quoting *Patel*, 134 F.3d at 931-32) (quotation marks omitted). In *Patel* and *Raduga*, the consular had, for 8 and 4 years, respectively, failed to adjudicate a petitioner's visa application, and those petitioners sought to compel adjudication. Both courts held that the doctrine of consular non-reviewability did not prevent them from reviewing a decision outside the consular officer's authority. *See id.* Because refusal or issuance of a visa is mandatory under 22 C.F.R. § 42.81, a consular officer does not have the authority to indefinitely suspend or ignore a visa application and, accordingly, the *Patel* and *Raduga* courts held that they could therefore order adjudication. *See Patel*, 134 F.3d at 932.

In opposing Defendants motion, Petitioner misapplies *Patel* and *Raduga*, making the unsupported, conclusory assertion that there was no final decision within the consular officer's discretion here, because it never instructed Zadeh that "she had to provide additional information in support that [sic] her marriage with the Plaintiff was genuine" and thus "divested [her] of the opportunity to provide sufficient evidence that there is a genuine marital relationship." (Pet. Resp. at 3, 6.) Petitioner provides no concrete basis for us to conclude that this renders the consular officer's actions outside of its authority, nor can we find any grounds for that conclusion. Accordingly, we have no basis for reviewing the adjudication of Zadeh's visa application.[2]

---

[2] Additionally, Petitioner provides no basis for us to conclude that it was improper for the consul to adjudicate the visa petition *after* he filed this action. To the contrary, we observe that the *Raduga* court seems to waited for precisely such an adjudication before granting relief. *See Raduga*, 440 F. Supp. 2d at 1149 ("The government's counsel has twice submitted to this Court [that] a final decision on Plaintiffs' visa application was forthcoming. Time has proved otherwise. The Court finds the consul's four year delay unreasonable and therefore issues a writ of mandamus directing the consul to render a final decision, either granting or denying Plaintiffs visa applications pursuant to § 42.81(a).").

## CONCLUSION

For the reasons set forth above, William Arssinous Adeh's petition for mandamus relief is denied. All pending motions are denied as moot. It is so ordered.

Honorable Marvin E. Aspen
U.S. District Court Judge

Dated: _December 27, 2006_____